Clayeo C. Arnold, SBN 65070
JOSHUA H. WATSON, SBN 238058
**CLAYEO C. ARNOLD, PC**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for Plaintiff
JACOB STECK, *individually,*
*and on behalf of similarly situated employees*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB STECK, *individually, and on behalf of similarly situated employees,*<br><br>         Plaintiffs,<br>vs.<br><br>ALPHA DYNO NOBEL, and DYNO NOBEL, INC.<br><br>         Defendants. | Case No.:<br><br>**CLASS ACTION AND FLSA COLLECTIVE COMPLAINT**<br><br>1.   FLSA – OVERTIME<br>2.   FLSA – MINIMUM WAGE<br>3.   CAL LABOR CODE – MINIMUM WAGE<br>4.   CAL. LABOR CODE – OVERTIME<br>5.   CAL. LABOR CODE – MEAL PREMIUMS<br>6.   CAL LABOR CODE – WAITING PENALTIES<br>7.   CAL. LABOR CODE – PAGA<br><br>JURY TRIAL DEMANDED |

1
CLASS ACTION AND FLSA COLLECTIVE COMPLAINT

Comes now Plaintiff JACOB STECK, who alleges and complains as follows on information and belief, and who prays for relief from the court.

## SUMMARY

1. This is a wage and hour case arising from Defendants' practice of keeping inaccurate records concerning work hours, failing to pay wages for all time employees spent working, and failing to abide by California law governing meal periods. California law requires that an employee be provided a 30-minute meal period relieved of all duties within the first five hours of working. Failure to timely provide the meal period obligates the employer to pay a premium of one hour of additional pay at the regular wage rate. *See,* Cal. Labor Code §§ 226.7, 512. California and U.S. law both require that employees be paid for all time spent working, and for certain overtime. Defendants sought to evade these laws by having employees, including Plaintiff, automatically clocked in and out for meal periods in timecard records such that the records do not show the actual hours worked. Defendants practice of entering false data in timecard records resulted in Plaintiff and other employees not being paid for all hours worked and not being paid premiums for missed or late meal periods. Defendants engaged in these practices in a systemic way affecting all employees.

## PARTIES

2. Plaintiff JACOB STECK (hereafter "PLAINTIFF") is an adult individual residing in California. PLAINTIFF was at relevant times was employed by the enterprise generally known as Alpha Explosives as a non-exempt employee who was paid by the hour. He worked at the Defendants' facilities in Lincoln, California.

3. Plaintiff was employed by an enterprise known as Alpha Explosives with the website https://alphaexplosives.com/. Payroll and human resources records provided by Plaintiff's employer in prelitigation information exchange indicate that the following companies operate or control Alpha Explosives, and they are therefore named as defendants in this action:

    a. ALPHA DYNO NOBEL, conducts business including employment of natural persons and manufacture of explosives at 3400 Nader Road, Lincoln, CA 95648. This entity is listed as a California corporation in California Secretary of State records, with its principal address reported as being located in Salt Lake City, Utah. This is the employer name as listed on some of Plaintiff's paystub records.

    b. DYNO NOBEL, INC., located in Salt Lake City, Utah. This entity is listed as a Delaware corporation in California Secretary of State records. This is the employer name listed on some of Plaintiff's paystub records.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction exists via federal question because Plaintiff alleges violation of the U.S. Fair Labor Standards Act (29 USC § 201) (hereafter, "FLSA").

5. The Court has supplemental jurisdiction over the state law allegations in this complaint because they are factually related to the FLSA claims giving rise to the federal question upon which subject matter jurisdiction is based. (28 USC § 1367(a).)

6. This Court has personal jurisdiction over Defendants and is the proper venue with respect to this matter because this matter arises from acts and omissions in California directed towards Plaintiff in Lincoln, CA (located in Placer County). Defendants availed themselves of the benefits of operating within California by employing Plaintiff and others in the state in their regulated explosives business, and thereby established the minimum contacts required to be reasonably sued here.

## GENERAL WAGE AND HOUR FACTUAL ALLEGATIONS

7. PLAINTIFF and similarly situated employees were employed at all relevant times by DEFENDANTS. PLAINTIFF was at all times employed in Placer County, California.

8. DEFENDANTS had a policy and practice of automatically entering the working times of employees, including PLAINTIFF and similarly situated employees, into payroll records without regard for the actual hours worked.

3
CLASS ACTION AND FLSA COLLECTIVE COMPLAINT

9. DEFENDANTS had a policy and practice of automatically entering the starting and stopping times of employees' meal periods, including PLAINTIFF and similarly situated employees, into payroll records without regard for the actual hours worked.

10. When first hired by DEFENDANTS, PLAINTIFF worked as a laborer. As a laborer, PLAINTIFF and those similarly situated were not provided with lunch periods on most days. They reported to work at varying and irregular places and times as instructed (often on short 1-day notice), and worked continuously to perform prepare for and assist in the detonation of explosives at a site. Explosives needed to detonated within a certain window of time due to business/customer needs and the employers/supervisors focused on meeting that timeline to the exclusion of providing rest and meal periods.

PLAINTIFF worked as a laborer for about one year in the time period of about 03/29/21 to 3/29/2022. During that time, he received only about one meal period relieved of all duty per week. On especially slow weeks, he sometimes received up to 3 meal periods in a week, but never 5. His timecard records provided by DEFENDANTS in prelitigation information exchange report him having precisely code-compliant times for starting work, stopping work, and taking meal periods, even though this is not what occurred. An example of this is shown in the timecard data for the week of 3/29/2021, in which PLAINTIFF is documented as having five code-compliant meal periods when he did not have those meal periods in reality:

| Employee Number | Name | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | Steck, Jacob | | | | | | | | |
| Code | Date | Day | Action | Start | Stop | | Shift | Hours | Reg | OT1 |
| | 03/29/2021 | Mon | Work | 6:00 AM | 10:00 AM | | | 4.00 | 4.00 | |
| | | | Lunch | 10:00 AM | 10:30 AM | | | 0.00 | | |
| | | | Work | 10:30 AM | 2:30 PM | | | 4.00 | 4.00 | |
| | 03/30/2021 | Tue | Work | 8:00 AM | 12:00 PM | | | 4.00 | 4.00 | |
| | | | Lunch | 12:00 PM | 12:30 PM | | | 0.00 | | |
| | | | Work | 12:30 PM | 4:30 PM | | | 4.00 | 4.00 | |
| | 03/31/2021 | Wed | Work | 8:00 AM | 12:00 PM | | | 4.00 | 4.00 | |
| | | | Lunch | 12:00 PM | 12:30 PM | | | 0.00 | | |
| | | | Work | 12:30 PM | 4:30 PM | | | 4.00 | 4.00 | |
| | 04/01/2021 | Thu | Work | 8:00 AM | 12:00 PM | | | 4.00 | 4.00 | |
| | | | Lunch | 12:00 PM | 12:30 PM | | | 0.00 | | |
| | | | Work | 12:30 PM | 4:30 PM | | | 4.00 | 4.00 | |
| | 04/02/2021 | Fri | Work | 8:00 AM | 12:00 PM | | | 4.00 | 4.00 | |
| | | | Lunch | 12:00 PM | 12:30 PM | | | 0.00 | | |
| | | | Work | 12:30 PM | 4:30 PM | | | 4.00 | 4.00 | |
| | | | | | | | Weekly Totals: | | 40.00 | 0.00 |

11. The timecard data for the following week also shows meal periods added automatically, including extra lunches on long days. Although overtime is reported, it is not for any time spent working through the false meal periods, but is instead for working long days, as shown below. The total overtime reported is 7 hours.

| Date | Day | Action | Start | Stop | Shift | Hours | Reg | OT1 |
|---|---|---|---|---|---|---|---|---|
| 04/05/2021 | Mon | Work | 7:58 AM | 1:00 PM | | 5.00 | 5.00 | |
| | | Lunch | 1:00 PM | 1:30 PM | | 0.00 | | |
| | | Work | 1:30 PM | 4:35 PM | | 3.00 | 3.00 | |
| 04/06/2021 | Tue | Work | 7:59 AM | 1:00 PM | | 5.00 | 5.00 | |
| | | Lunch | 1:00 PM | 1:30 PM | | 0.00 | | |
| | | Work | 1:30 PM | 4:30 PM | | 3.00 | 3.00 | |
| 04/07/2021 | Wed | Work | 8:00 AM | 12:00 PM | | 4.00 | 4.00 | |
| | | Lunch | 12:00 PM | 12:30 PM | | 0.00 | | |
| | | Work | 12:30 PM | 4:30 PM | | 4.00 | 4.00 | |
| 04/08/2021 | Thu | Work | 5:30 AM | 10:00 AM | | 4.50 | 4.50 | |
| | | Lunch | 10:00 AM | 10:30 AM | | 0.00 | | |
| | | Work | 10:30 AM | 4:00 PM | | 5.50 | 3.50 | 2.00 |
| | | Lunch | 4:00 PM | 4:30 PM | | 0.00 | | |
| | | Work | 4:30 PM | 5:30 PM | | 1.00 | | 1.00 |
| 04/09/2021 | Fri | Work | 3:00 AM | 8:00 AM | | 5.00 | 5.00 | |
| | | Lunch | 8:00 AM | 8:30 AM | | 0.00 | | |
| | | Work | 8:30 AM | 1:30 PM | | 5.00 | 3.00 | 2.00 |
| | | Lunch | 1:30 PM | 2:00 PM | | 0.00 | | |
| | | Work | 2:00 PM | 5:00 PM | | 3.00 | 2.00 | 1.00 |
| | | | | | Weekly Totals: | 40.00 | 7.00 | 1.00 |

12. As reflected below, the paystub data for the two weeks above show that PLAINTIFF was not paid any meal premiums for the week, and was paid only the 40 hours of regular time and the admitted 7 hours of overtime for working long days. There is no payment for the overtime that was worked during falsely-reported meal periods that were not taken.

**ALPHA DYNO NOBEL**

Jacob Steck

Employee ID
Location             100
Hourly               $17.00

Fed Taxable Income
Fed Filing Status
State Filing Status

Check Date        April 14, 2021
Period Beginning  March 29, 2021
Period Ending     April 11, 2021

**Earnings Statement**

Check Number
Net Pay
Check Amount
Total Hours Worked        87.00

| Earnings | Rate | Hours | Amount | YTD |
|---|---|---|---|---|
| DTIME | 34.00 | 1.00 | 34.00 | 34.00 |
| OVERTIM | 25.50 | 7.00 | 178.50 | 178.50 |
| REGULAR | 17.00 | 80.00 | 1,360.00 | 1,360.00 |
| **Gross Earnings** | | 88.00 | 1,572.50 | 1,572.50 |

| Taxes | Amount | YTD |
|---|---|---|
| CA | | |
| CASDI-E | | |
| FITW | | |
| MED | | |
| SS | | |
| **Taxes** | | |

| Deductions | Amount | YTD |
|---|---|---|
| No Deductions | | |

| Direct Deposits | Type | Account | Amount |
|---|---|---|---|
| No Direct Deposits | | | |

| Time Off | Available Plan Year to Use | Used |
|---|---|---|
| Families | 80.00 | 0.00 |
| VACATIO | 1.54 | 0.00 |

5
CLASS ACTION AND FLSA COLLECTIVE COMPLAINT

13. The foregoing gives rise to a minimum wage violation under FLSA and the California Labor Code because PLAINTIFF was not paid for the time he worked during the false meal periods.

14. The foregoing gives rise to an overtime wage violation under FLSA and the California Labor Code because the time records show truthfully that PLAINTIFF worked at least 8 hours a day and 40 hours a week, such that the unpaid work performed during the false meal periods trigger the overtime rules when credited to his work hours.

15. The foregoing gives rise to a California Labor Code meal premium claim because DEFENDANTS did not pay PLAINTIFF any meal premiums for his missed, short, or late meal periods as reflected in the paystub above.

16. The foregoing gives rise to a California Labor Code waiting time claim because the above minimum and overtime wages were not paid at or at any time after PLAINTIFF's end of employment, so PLAINTIFF is entitled to 30 days of additional wages at his regular rate pursuant to state law.

17. The foregoing gives rise to a California PAGA claim that was alleged in an earlier administrative complaint as pled herein because:
    a. The minimum wage violations trigger PAGA penalties.
    b. The overtime wage violations trigger PAGA penalties.
    c. The inaccurate paystub violations trigger PAGA penalties.
    d. The failure to pay meal premiums trigger PAGA penalties.

18. The above two-week period is typical of PLAINTIFF'S work and pay throughout the time he worked for DEFENDANTS, and is further typical in all material respects to those other employees who are similarly situated and part of the proposed/putative class in this matter.

### FLSA COLLECTIVE ALLEGATIONS

19. As to Counts 1 and 2, PLAINTIFF brings this matter as a potential FLSA collective based on the common policy or plan alleged herein with respect to DEFENDANTS' practice of altering timecards to represent meal breaks were taken when in fact they

were not, and the resulting common policy or plan alleged herein of not paying employees minimum wages and overtime wages due to intentionally failing to credit them for work performed during meal periods.

20. The proposed FLSA collective is: All non-exempt employees of DEFENDANTS employed in the State of California within the three years before this Complaint is filed and going forward until resolution of this matter.

21. To the degree DEFENDANTS can show their conduct alleged herein was less that willful, the proposed collective is limited to those employed within the two years before this Complaint is filed and going forward until resolution of this matter.

## CLASS ACTION ALLEGATIONS

22. As to Counts 3 through 6, PLAINTIFF brings this matter as a putative class action. The class consists of all non-exempt employees of DEFENDANTS employed in the State of California within the three years before this Complaint is filed and going forward until resolution of this matter. A further "former employees" subclass applies to all employees in the claims period whose employment ended.

23. Ascertainability: This class of persons may be readily ascertained and contacted by reference to DEFENDANTS' employee records.

24. Numerosity:
   a. Alpha Explosives (which is owned and operated by Defendants) operates two locations in California, where it employs between 51 and 200 people, as reflected in the images from its LinkedIn page below:



**7**
CLASS ACTION AND FLSA COLLECTIVE COMPLAINT

b. Some of PLAINTIFF'S timecard data and paystubs list DEFENDANT DYNO NOBEL INC. as his employer. This is reflected in the paystub image above and in the following image from PLAINTIFF'S timecard data:



c. DEFENDANT DYNO NOBEL INC.'S LinkedIn page reports it has between 1,000 and 5,000 employees, as reflected in the images from its LinkedIn page below:

**Dyno Nobel**
A global leader in commercial explosives.
Mining · Salt Lake City, Utah · 41,625 followers

Website
http://www.dynonobel.com

Industry
Mining

Company size
1,001-5,000 employees
2,146 on LinkedIn

Headquarters
Salt Lake City, Utah

Founded
1831

d. With at least 51 to 200 current employees in California (and perhaps substantially more), and given the three-year claims period that will likely include many past employees beyond DEFNDANTS' current staffing levels, there are so many employees affected by DEFENDANT'S unlawful practice of false entry of timecard data that it is impractical to maintain separate actions for or join all claimants.

25. Commonality: Questions of law and fact of the class predominate over any individual concerns of class members as to wage and hour issues presented herein. Such common issues include but are not limited to:

a. Establishing the factual accuracy of the claim that DEFENDANTS had a practice of altering records documenting the hours employees worked to manufacture time off for meal periods. This common factual matter is the central contention

      in the matter, and will involve review of paper and electronic records and discovery into audit trails of payroll records.  This is an expensive task that will likely involve interstate discovery/deposition-taking.

    b. Establishing the willful evasion of the California Labor Code provisions at issue to the class.

    c. Determining the method of calculating damages for the putative class members.  This method can be set by analyzing a spreadsheet of time records after the scheme to alter records is established.  Establishing the formula through which damages will be calculated is a common issue for all putative class members, with the actual calculation of damages being a ministerial mathematical task once the common formula is established.

26. Typicality:  The wage and hour claims of PLAINTIFF are typical of the claims of the class members.  PLAINTIFF and all class members were subjected to the same scheme of altering timecards to manufacture compliance with meal period laws and suffered the same pattern of deducting wages.

27. Adequacy:  PLAINTIFF has agreed to serve as a representative of all similarly situated employees who worked in California.  PLAINTIFF understands that as a class representative he will owe an obligation to work with competent counsel and take actions to promote, advance and prevail on the claims being made, not just individually, but for the collective group of employees as a whole.  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has agreed to represent the proposed class and act in furtherance of the class interests.  Plaintiff is aggrieved in a similar manner as the class members, with the only variation being the amount of loss and damage suffered by individual employees as a result of Defendants' common, uniform and systematic practice. Counsel who represent Plaintiff are competent in wage and hour and class litigation, and are readily able to successfully prosecute this class action.

CLASS ACTION AND FLSA COLLECTIVE COMPLAINT

28. Superiority: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over questions affecting only individual class members. Each class member has been damaged and is entitled to recovery by reason Defendants' unlawful behavior. A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action. It is notable that the cost of establishing DEFENDANTS' scheme in the form of admissible evidence is sufficiently high that it would discourage individual litigation on this matter, rendering collective litigation superior.

## FIRST COUNT

## FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF

## FAIR LABOR STANDARDS ACTION 29 U.S.C. § 206

## (BY PLAINTIFF and SIMILARLY SITUATED EMPLOYEES IN FLSA COLLECTIVE AGAINST ALL DEFENDANTS)

29. PLAINTIFF incorporates all prior paragraphs by reference.

30. DEFENDANTS failed to pay PLAINTIFF and similarly-situated employees minimum wage for all hours worked by such employees worked for DEFENDANT. This is because DEFENDANTS altered employees' records of time worked as alleged above such that the employees were not paid for their work during the falsely documented meal periods.

31. PLAINTIFF and similarly-situated employees pray for payment of all such wages due, interest on such wages, penalties, liquidated damages, attorney-fees, and costs of litigation and such other relief as the court may see fit to award. This includes but is not limited to such relief as is provided by 29 USC 216(b): payment of unpaid wages, and in addition an equal amount as liquidated damages.

32. Due to the willful nature of DEFENDANT'S behavior, PLAINTIFF and similarly situated employees seek recovery for DEFENDANT'S conduct for the three years preceding the filing of the Complaint in this matter, pursuant to 29 USC § 255. In the alternative, PLAINTIFF and similarly situated employees seek recovery for DEFENDANT'S conduct for the two years preceding the filing of the Complaint in this matter.

## SECOND COUNT

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF

## FAIR LABOR STANDARDS ACTION 29 U.S.C. § 207

## (BY PLAINTIFF and SIMILARLY SITUATED EMPLOYEES IN FLSA COLLECTIVE AGAINST ALL DEFENDANTS)

33. PLAINTIFF incorporates all prior paragraphs by reference.

34. DEFENDANTS failed to pay PLAINTIFF and similarly-situated employees for hours worked in excess of forty hours per week as required by 29 USC § 207 at the rate of one and one-half their regular rates of pay. This is because the hours the employees worked more than 40 hours per week such that any unpaid wages were overtime wages, as reflected in the fact that their timecards generally show 40 hours of work per week but without crediting them for the additional time they worked during missed or short meal periods.

35. PLAINTIFF and similarly-situated employees pray for payment of all such wages due, interest on such wages, penalties, liquidated damages, attorney-fees, and costs of litigation and such other relief as the court may see fit to award. This includes but is not limited to such relief as is provided by 29 USC 216(b): payment of unpaid wages, and in addition an equal amount as liquidated damages.

36. Due to the willful nature of DEFENDANTS' behavior, PLAINTIFF and similarly situated employees seek recovery for DEFENDANTS' conduct for the three years preceding the filing of the Complaint in this matter, pursuant to 29 USC § 255. In the alternative, PLAINTIFF and similarly situated employees seek recovery for

DEFENDANTS' conduct for the two years preceding the filing of the Complaint in this matter.

### THIRD COUNT

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CALIFORNIA LABOR CODE §§ 1182.12, 1194, 1194.2, 1197, and Cal Wage Orders

### (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

37. PLAINTIFF incorporates all prior paragraphs by reference.

38. Pursuant to Labor Code §§ 1182.12, 1194, 1194.2, and 1197 it is unlawful for a California employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission ("IWC") Wage Order.

39. During all relevant times, IWC Wage Order No. 16 or a substantially similar order, applied to the employment of PLAINTIFF and similarly situated employees working in California for DEFENDANTS.

40. Pursuant to the applicable Wage Order "hours worked" includes "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

41. The applicable Wage Order requires every employer to pay each employee the applicable minimum wage per hour for all time each employee was suffered or permitted to work.

42. In conjunction with his employment, PLAINTIFF and other similarly situated employees of DEFENDANTS who worked in California were not paid for all hours worked, as alleged.

43. As a result of DEFENDANTS' failure to pay its employees for work during the false meal periods herein described, during all times relevant, PLAINTIFF and other DEFENDANT'S employees have not been paid minimum wages for all hours suffered or permitted to work in violation of the minimum wage provisions of California Labor Code §§ 1182.12, 1194, 1194.2, and 1197, and the applicable Wage Order.

44. Labor Code § 1194.2, subdivision (a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

45. PLAINTIFF and similarly situated employees who worked in California should have received minimum wages in a sum according to proof during all times relevant to this action. DEFENDANTS have intentionally failed and refused, and continues to fail and refuse, to pay PLAINTIFF minimum wages for all time suffered or permitted to work.

46. PLAINTIFF and similarly situated employees who worked in California request the recovery of the unpaid minimum, waiting time penalties, liquidated damages, interest, attorneys' fees, and costs in an amount to be determined at trial.

## FOURTH COUNT

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF

## CALIFORNIA LABOR CODE §§ 510, 1194, and Wage Order No. 16

## (BY PLAINTIFF AND THE CLASS AGAINST ALL DEFENDANTS)

47. PLAINTIFF incorporates all prior paragraphs by reference.

48. Eight hours of labor constitutes a day's work, and any work in excess of 8 hours in one workday and any work in excess of 40 hours in any one workweek and any work on the seventh consecutive day shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day, or in excess of 8 hours on the seventh consecutive day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  (Labor Code § 510 and applicable IWC Wage Order.)

49. During all times relevant to this action, PLAINTIFF and similarly situated employees who worked in California worked more than 8 hours per workday, and/or more than 40 hours per workweek as a routine matter as alleged.  However, when their time records were falsely deducted for meal periods they did not take, they did not receive any overtime wages for overtime hours suffered or permitted to work.

50. Based on the misconduct alleged in this Complaint, PLAINTIFF seeks to recover unpaid overtime compensation, penalties, interest, reasonable attorneys' fees, and costs in an amount to be determined at trial. This includes but is not limited to liquidated damages in an amount equal to unpaid wages and interest, per code.

## FIFTH COUNT

## FAILURE TO PAY WAGES AT TERMINAION IN VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 203

## (BY PLAINTIFF AND FORMER EMPLOYEE SUBCLASS AGAINST ALL DEFENDANTS)

51. PLAINTIFF incorporates all prior paragraphs by reference.

52. As alleged herein, PLAINTIFF and similarly situated employees whose employment ended with DEFENDANTS were not paid for the unpaid wages alleged herein within 30 days of the end of the end of their employment. Because DEFENDANTS knew they were withholding wages as alleged herein, as reflected by their intentional and willful conduct in creating false timecard data, their failure to pay final wages in full was also willful and intentional so as to require them to pay such employees 30 days of additional wages pursuant to Cal. Labor Code §§ 201, 203.

53. Based on the misconduct alleged in this Complaint, PLAINTIFF seeks to recover 30 days wages, any available liquidated damages, interest, reasonable attorneys' fees, and costs in an amount to be determined at trial.

## SIXTH COUNT

## PAGA VIOLATIONS – CALIFORNIA LABOR CODE § 2699

## (BY PLAINTIFF AS REPRESENTATIVE FOR STATE OF CALIFORNIA)

54. PLAINTIFF incorporates all prior paragraphs by reference.

55. PLAINTIFF filed and served a timely administrative complaint to the California Labor and Workforce Development Agency concerning the conduct alleged herein. The Agency did not respond or act within 65 days of the filing and service of the administrative complaint. PLAINTIFF thereby exhausted administrative remedies and

may bring a Private Attorney General Act ("PAGA") claim on behalf of the State of California for penalties due to the State pursuant to California Labor Code § 2699, et seq., with 75% of each penalty due to be paid to the State and 25% of the penalty due to be paid to each impacted employee. Plaintiff also seeks attorney fees and costs of litigation per code.

56. PAGA violations in this matter are as alleged above and are as to each and every impacted employee within the relevant claims period and as to those items alleged in both the administrative complaint and this Complaint.

57. The PAGA administrative complaint was filed December 15, 2022.

58. Based on the misconduct alleged in this Complaint, PLAINTIFF seeks to recover 30 days wages, any available liquidated damages, interest, reasonable attorneys' fees, and costs in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For unpaid wages for all minimum wage and overtime wage claims;
2. For liquidated damages for minimum wage claims and FLSA overtime claims;
3. For premiums due to non-compliant meal periods pursuant to state law;
4. For PAGA penalties pursuant to state law;
5. For prejudgment interest to the extent allowed by law, including as to California state law wage claims;
6. For attorney's fees as provided by law;
7. For costs of litigation;
8. For orders as necessary to administrate this matter as a collective action pursuant to FLSA, including but not necessarily limited to ordering notice as appropriate for various stages of the litigation to all potential similarly situated claimants, including any opt-in claimants into this litigation, approving any settlement that may be proposed, and issuing orders to allow

administering any settlement or trial proceeds as may be obtained in a trial in this matter.

9. For orders as necessary to administrate this matter as a class action as to California Labor Code claims, including but not necessarily limited to class certification, preliminary approval of any settlement or resolution, and final approval of any settlement or resolution.

10. For orders as necessary to administrate this matter as a PAGA claim, including but not necessarily limited to approval of any resolution and orders providing for distribution of PAGA funds.

11. For such other and further relief as this court deems just and proper.

For due process purposes, Plaintiff asserts a monetary claim of up to $16,000,000 before assessment for attorney fees and litigation costs. This number may be adjusted upwards or downwards in keeping with information obtained in conformity with law, and is asserted here for default-judgment purposes.

This prayer results from calculations based on a class size of 200 full time employees who worked through meal periods for 15 minutes per occasion, two times per week for two years during the claims period. This estimate includes unpaid wages, liquidated damages, PAGA penalties, premiums, and waiting time penalties.

Respectfully submitted,

Date: March 31, 2023                    CLAYEO C. ARNOLD, PC

                                                     By:     /s/ Joshua H. Watson
                                                            Joshua H. Watson
                                                            Attorney for Plaintiff

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury for all matters subject to determination by a jury.

Date: March 31, 2023                    CLAYEO C. ARNOLD, PC

                                                     By:     /s/ Joshua H. Watson
                                                            Joshua H. Watson
                                                            Attorney for Plaintiff