Glenn Kenna (Bar No. 305092)
CLAYEO C. ARNOLD, PC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
glenn@justice4you.com

*Attorney for Plaintiff Jacob Steck*

Bryan Benard (Bar No. 192630)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
bbenard@hollandhart.com

*Attorneys for Defendant Alpha Dyno Nobel and Dyno Nobel, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACOB STECK, individually, and on behalf of similarly situated employees,<br><br>Plaintiffs,<br><br>vs.<br><br>ALPHA DYNO NOBEL and DYNO NOBEL, INC.<br><br>Defendants. | Case No: 2:23-cv-00614-TLN-CSK<br><br>**ORDER ON STIPULATED MOTION FOR AMENDED SCHEDULING ORDER** |

The Court, having reviewed and considered the Stipulated Motion for Amended Scheduling Order submitted by Plaintiff Jacob Steck ("Plaintiff") and Defendants Alpha Dyno Nobel and Dyno Nobel Inc. ("Defendants")(collectively, the "Parties"), and being fully advised in the premises, hereby finds that good cause exists to grant the Parties' joint request.

The Court finds that the Parties have engaged in active, good-faith litigation, including the exchange and analysis of substantial records, ongoing settlement discussions aimed at an efficient and fair resolution, and efforts by both sides to advance this matter in a manner consistent with the interests of all Parties and the putative class. The Court further finds that confirmatory discovery

may be necessary to support any motion for preliminary approval of a class action settlement under Fed. R. Civ. P. 23(e), and that the requested extension serves the interests of judicial economy.

The Court acknowledges that the requested extension has been jointly agreed upon by the Parties and is not sought for purposes of undue delay. Both Parties have confirmed their mutual interest in resolving this litigation efficiently, whether through a negotiated class settlement or, if necessary, through adjudication. The Court notes that personal matters arising for counsel on each side have further supported the need for this extension, and commends the Parties for their professionalism in accommodating one another.

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED THAT:**

1. **Non-Expert and Expert Discovery.** The Parties' joint request to extend the non-expert and expert discovery deadline is GRANTED. The Parties may engage in further non-expert and expert discovery through and including **February 1, 2027**, for the purpose of confirming the asserted positions of both Parties and supporting any potential class action resolution. Each Party reserves its respective rights with respect to the scope and conduct of discovery, subject to applicable rules and prior orders of this Court.

2. **Expert Disclosures.** Expert disclosures by any Party shall be served no later than **March 1, 2027**. Rebuttal expert disclosures by any Party shall be served no later than **April 1, 2027**. Each Party reserves its respective rights with respect to expert disclosure, including any right to seek leave to supplement disclosures as may be warranted.

3. **Class Administration and Dispositive Motions.** Absent the filing of a motion for preliminary approval of a class action settlement, the Parties may file class administration or dispositive motions on or before **May 3, 2027**. Each Party retains its respective rights to file such motions as may be appropriate under the circumstances, consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

4. **Joint Trial Readiness Statement.** In the event the Parties have not filed a motion for preliminary approval of a class action settlement, a class administration motion, or a dispositive motion on or before May 3, 2027, the Parties shall jointly file a Trial Readiness Statement no later

than **May 17, 2027**. The Court will thereafter issue a trial scheduling order at its earliest convenience.

5. **Reservation of Rights.** Nothing in this Order shall be construed as a waiver or relinquishment of any right, claim, defense, or argument held by any Party. Each Party expressly reserves all rights with respect to the merits of this litigation, class certification, and any relief or defenses available under applicable law.

6. **No Admission.** This Order is entered based on the Parties' joint stipulation and shall not be construed as an admission of liability, wrongdoing, damages, or the validity of any claim or defense by any Party.

7. **Remaining Deadlines.** All other deadlines and provisions of the Court's prior Scheduling Orders remain in full force and effect except as expressly modified herein. The Court retains jurisdiction to amend this Order upon the joint request of the Parties or upon a showing of good cause by any Party.

IT IS SO ORDERED.

Respectfully submitted,

Dated: August 19, 2026

Troy L. Nunley
Chief United States District Judge